UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID S. DOFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:12-CV-441 JD-PRC |
| ) | |
| OFFICER ROBERT BALLAS, individually and ) | |
| in his official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On October 26, 2012, Plaintiff David Doffin ("Doffin") filed a Complaint against police officers Robert Ballas and James Borgioli of the City of Crown Point Police Department in their individual and official capacities, Crown Point Police Chief Peter Land in his official capacity, and the City of Crown Point, Indiana (collectively "Defendants"), alleging various violations of his constitutional rights under 42 U.S.C. § 1983 [DE 1]. Specifically, Doffin claims that Officers Ballas and Borgioli violated his rights by committing an illegal search and seizure (Count I), using excessive force (Count II), and making a false arrest (Count III), while Chief Land and the City of Crown Point failed to properly instruct, supervise, control, and train Officers Ballas and Borgioli (Counts IV).[1] It is unclear whether Doffin intended to sue Chief Land and the City for the claims generally alleged against the "Defendants" in Counts I through III, but for the sake of argument the Court assumes Doffin did. On January 23, 2013, the Defendants filed a motion to dismiss Count IV of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Doffin failed

---

[1] Doffin's Complaint lists "Count V" as a separate § 1983 claim for failure to train, but provides no allegations supporting the claim [DE 1 at 8]. In other words, Count V rests on nothing but a heading. *Id.* Since this alone is insufficient to make out a separate claim, the Court considers any claim for failure to train as part of Count IV's claim alleging failure to instruct, supervise, control, and discipline.

to plead facts necessary to establish municipal liability based on an official policy, custom or practice [DE 27 ¶ 2]. Additionally, the Defendants averred that suing Officers Ballas and Borgioli, as well as Chief Land in their official capacities is duplicative of suing the City of Crown Point, and therefore, Counts I-III should be dismissed as to the individual Defendants in their official capacities. *Id.* Further, because the doctrine of respondeat superior does not apply in the context of § 1983 litigation, the Defendants argue that any attempt to bring Counts I-III against the City of Crown Point must fail. *Id.* However, in their motion, Defendants conceded that Counts I-III are properly brought against a defendant in his individual capacity [DE 28 at 2].

On March 1, 2013, Doffin filed a response in which he contends he pleaded facts sufficient to survive a motion to dismiss for failure to state a claim related to Count IV [DE 36]. Doffin provided no response to Defendants' assertion that Counts I-III, as alleged against the City and individual defendants in their official capacities, should be dismissed. *Id.* The Defendants filed a reply brief on March 22, 2013 [DE 41].

In a separate motion to dismiss filed on March 20, 2013, Officer Borgioli argues that Counts I-III as asserted against him should be dismissed because he never received proper service of process [DE 39 ¶ 2; DE 40]. Doffin responded on April 15, 2013, and claimed that Officer Borgioli waived his right to object to insufficient service, that Doffin had good cause for not perfecting service, and that even absent "good cause," the Court should grant Doffin an extension of time to perfect service [DE 44]. Officer Borgioli filed a reply brief on April 23, 2013 [DE 45].

## I. FACTS

In the Complaint, Doffin alleges that on January 11, 2011, he was attacked by several men while at a bar in Crown Point, Indiana [DE 1 ¶¶ 11, 12]. Officers James Borgioli and Robert Ballas

were employed by the Crown Point Police Department and were dispatched to the scene [DE 1 ¶ 13]. Upon their arrival, Doffin was being attacked and Officer Ballas took one of Doffin's assailants to the ground [DE 1 ¶¶ 14, 15]. Officer Ballas then unexpectedly "threw" Doffin on the ground, employed a choke hold on him, and kicked and punched Doffin [DE 1 ¶ 17]. Doffin contends that Officer Ballas' behavior constituted excessive force and an unreasonable seizure, and that it resulted in injuries to his larynx, as well as bruising. *Id.* Doffin further alleges that while he was on the ground, Officer Borgioli, acting in concert with Officer Ballas, tasered Doffin with a full stun from a stun gun, which according to Doffin, also constituted excessive force and unreasonable seizure, resulting in further injuries to Doffin [DE 1 ¶ 18]. In addition, Doffin alleges that Officers Ballas and Borgioli failed to stop each other from violating Doffin's constitutional rights, and they failed to release Doffin in a timely manner after interviewing witnesses at the scene (thereby continuing the unreasonable seizure and arrest) [DE 1 ¶¶ 19, 20]. In sum, Doffin alleges that Officers Ballas and Borgioli were acting under color of state law when they used excessive physical force, committed false arrest, conducted an unreasonable search and seizure, and deprived Doffin of his liberty without due process of law, causing him to be entitled to general, special, and punitive damages [DE 1 at 4-6].

Relative to Count IV, Doffin makes several contentions against the City of Crown Point and Chief Peter Land in his official capacity. For the sake of clarity, the Court restates his assertions below:

> Chief Peter Land and the City of Crown Point were responsible for the instruction, supervision, and control of Officers Ballas and Borgioli.
>
> At all times relevant to this Complaint, Defendants Ballas and Borgioli, as police officers of the City of Crown Point Police Department, were acting under the direction and control of the City of Crown Point[], Indiana, which acted through its

agents and employees who were responsible for making policy of the Police Department, its officers and operations; and Defendants Ballas and Borgioli were acting pursuant to either official policy or the practice, custom and usage of the City of Crown Point, Indiana and its Police Department.

Acting under color of law, by and through the policy-makers of the City and pursuant to official policy or custom and practice, the City of Crown Point, Indiana intentionally, knowingly, recklessly, and/or with deliberate indifference to the rights of the inhabitants of the City of Crown Point, Indiana, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Ballas and Borgioli in the performance of their duties to refrain from:

> i. unlawfully and maliciously assaulting and beating a citizen and otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful;
> ii. fabricating criminal charges against a citizen for the purpose of shielding themselves from criminal or civil liability for violating that citizen's civil rights;
> iii. falsifying police reports and other statements;
> iv. conspiring to violate the rights, privileges, and immunities guaranteed to the plaintiffs by the Constitution and laws of the United States and the laws of the State of Indiana; and
> v. otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

The City of Crown Point, Indiana had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or constitutional acts were going to be committed. Defendant City of Crown Point, Indiana had power to prevent, or aid in preventing, the commission of said wrongs could have done so, and intentionally knowingly or with deliberate indifference to the rights of the inhabitants of the City failed or refused to do so.

Defendant City of Crown Point, Indiana directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Ballas and Borgioli, heretofore described.

There have been other incidents where the City of Crown Point Police officers have violated the constitutional rights of citizens including but not limited to the acts described in *Gregory Dollinar et al., v. City of Crown Point et al.*, U.S. District Court, Northern District of Indiana, Case Number 2:12-cv-118 and *Daunine Risner v. City of Crown Point, et al.*, U.S. District Court, Northern District of Indiana, Case

Number 2:08-cv-100.[2]

These incidents and others constitute a pattern of behavior that did or should have put the City of Crown Point and Police Chief Peter Land on notice that the lack of training as to appropriate force was likely to result in constitutional violations.

The City of Crown Point and Police Chief Land's deliberate indifference and decision not to provide further training resulted in the violation of Plaintiff's constitutional rights.

The City of Crown Point and Chief Land failed to supervise Officers Ballas and Borgioli especially in light of additional complaints of excessive force against Officer Ballas.

[DE 1 at 6-8].

## II. STANDARD OF REVIEW

a.     **Failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Serv's Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true,

---

[2]The conduct alleged in case number 2:12-cv-118 occurred on or about March 2012, which was after the instance involving Doffin in January 2011 and therefore the Defendants could not have been on notice of the conduct. However, the Court need not rely on either of these cases to support its decision herein.

5

and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted).

Recently, the Supreme Court adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id.* This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 667. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted). A plaintiff's claim, however, need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Serv's Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* In order to satisfy the plausibility standard, a plaintiff's complaint must supply "enough facts to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Factual allegations, however, "that are merely consistent with a defendant's liability . . . stop short of the line between possibility and plausibility of entitlement to relief." *Id.* at 677-78.

### b. Failure to serve process under Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a complaint when a plaintiff provides insufficient service of process on a defendant. Fed. R. Civ. P. 12(b)(5); *Pike v. Decatur Mem'l Hosp.*, No. 1:04-CV-391, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005). When service of process is insufficient, the court lacks personal jurisdiction over the defendant. *Pike*, 2005 WL 2100251 at *1 (noting similarities between a 12(b)(5) motion to dismiss for insufficient service and a 12(b)(2) motion to dismiss for lack of personal jurisdiction); *see also Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. 1966). In determining whether service was proper, the Court reviews the facts in a light most favorable to the non-moving plaintiff and may consider affidavits and other documentary evidence. *Pike*, 2005 WL 2100251 at *1. The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011).

Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). When presented with a defect in service of process, a district court must first inquire whether the plaintiff had good cause for failing to perfect service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). In this context, good cause means a "valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). At a minimum, a plaintiff must show reasonable diligence in his efforts to serve the defendant. *Bachenski v.*

*Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993).  When good cause exists, however, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see Panaras*, 94 F.3d at 340.

In instances where good cause is not present, the court has the discretion to either dismiss the action without prejudice, or direct that service be completed within a specified time period. *Cardenas,* 646 F.3d at 1005; *Panaras*, 94 F.3d at 340.  Factors that are relevant in deciding to grant an extension of time based on excusable neglect include:  whether the defendant is deliberately evading service or conceals a defect in attempted service, whether the delay in service harmed the defendant's ability to defend the suit, whether the defendant received actual notice of the suit within a short time after the attempted service, and whether the relevant statute of limitations would prevent refiling the action. *Coleman*, 290 F.3d at 934; *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998); *Panaras*, 94 F.3d at 341.  Even though the factors might militate in favor of granting an extension of time to perfect service, the decision to grant an extension is ultimately within the judge's discretion. *Coleman*, 290 F.3d at 934-35 (if an extension is granted based on excusable neglect, then the judge must be affirmed provided he did not abuse his discretion).

### III.  ANALYSIS

    **a.  Defendants' Motion to Dismiss Count IV of the Complaint for failure to state a claim upon which relief can be granted.**

Defendants allege Doffin failed to adequately plead facts sufficient to support Count IV in the Complaint, a *Monell* claim against the City of Crown Point and Chief Land for failure to properly instruct, supervise, control, and train Officers Ballas and Borgioli. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

To the extent Doffin's Complaint purports to assert his Count IV claim against Chief Land

in his official capacity, this is simply another way of pleading an action against an entity of which the officer is an agent. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 -301 (7th Cir. 2011) (internal citations omitted). Therefore, Doffin's official capacity suit against Chief Land can be treated as a suit against the City of Crown Point itself. And since Police Chief Peter Land was only sued in his official capacity, Count IV as alleged against him is DISMISSED.

Relative to Count IV's allegations against the City of Crown Point itself, a *Monell* claim allows plaintiffs to hold a municipality liable under 42 U.S.C. § 1983 when the "execution of a government's policy or custom inflicts the [constitutional] injury." *Montano v. City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008) (internal citations omitted). This is because "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell*, 436 U.S. at 694. "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (internal citations omitted). Thus, the circumstances under which a local government can be held liable under § 1983 are limited to situations where: (1) an express policy existed, which when enforced, causes a constitutional deprivation, (2) a widespread practice exists and, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the final force of law, and that causes a constitutional deprivation, or (3) the constitutional injury was caused by a person with final policymaking authority. *Lewis v. City of Chi.*, 496 F.3d 645, 656 (7th Cir. 2007); *Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006). A municipality's

failure to train police officers may constitute an official custom or practice under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A claim based upon a failure to properly train or supervise the police force can be proven with evidence of either a "failure to provide adequate training in light of foreseeable consequences" or a "failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville,* 434 F.3d 1006, 1029-30 (7th Cir. 2006). In cases such as this one, where it is not alleged that a particular express policy itself is unconstitutional, "considerably more proof than the single incident will be necessary . . .to establish both the requisite fault on the part of the municipality and the causal connection between [the policy] and the constitutional deprivation." *Calhoun v. Ramsey*, 408 F.3d 375, 380-81 (7th Cir. 2005) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985)).

Seventh Circuit precedent dictates that a plaintiff's *Monell* claim that is based upon rote allegations of an unconstitutional custom or policy should be dismissed if the plaintiff alleges no facts that suggest the unconstitutional policies actually exist. *See Strauss v. City of Chi.*, 760 F.2d 765, 767 (7th Cir. 1985). Under *Strauss*,[3] a complaint will be dismissed when it rests solely on conclusory allegations and fails to allege any well-pleaded facts of any occurrence or policy other than the incident involving the plaintiff. *Id.* at 767-70 ("[b]ecause a municipality can be held liable only for its regular procedures, not for the isolated independent tort of an individual employee, some fact indicating such procedures must appear in the complaint."). Plaintiffs may not simply add *Monell* boilerplate allegations and proceed to discovery in the hope of turning up some evidence to

---

[3]Although admittedly a pre-*Iqbal/Twombly* case, the reasoning is relevant here—a proposition to which Defendants agree [DE 28 at 9]. For purposes of the record, however, the Court makes clear that its ruling is based on the current standard of review.

support the claims made. *Id*. at 768. Additionally, "[i]n order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (citing *City of Canton,* 489 U.S. at 389; *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 521-22 (7th Cir. 2003); *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002)).

In the instant motion, Defendants argue Doffin's *Monell* claim should be dismissed because it fails to provide sufficient factual allegations that would suggest a plausible claim to relief as required under *Iqbal/Twombly* [DE 28 at 7]. Defendants cite to numerous cases from this Circuit where *Monell* claims were dismissed for failing to state a claim [DE 28 at 9]. The allegations contained in these cases, however, are distinguishable from Doffin's Complaint because the other cases concerned complaints which simply alleged insufficient facts. For instance, in *Johnson v. Anderson*, the district court dismissed a *Monell* claim pursuant to Rule 12(b)(6) and determined that Plaintiffs had only pled one specific factual incident, which was insufficient to impose liability under *Monell*. *Johnson v. Anderson*, No. 1:10-cv-1276-LJM-DML, 2011 WL 43220, *2 (S.D. Ind. Jan. 3, 2011). Many of the other cases cited by Defendants contained equally superficial "boilerplate allegations" in support of a *Monell* claim that did not pass muster under Rule 12(b)(6). *See, e.g., Pam v. City of Mich. City, Ind.*, No. 3:12-cv-265, 2012 WL 4060970, *3 (N.D. Ind. Sept. 7, 2012) (asserting only that the officer was acting in his official capacity when he allegedly committed a constitutional deprivation cannot serve to hold the municipality liable); *Eckhart v. Bourrell*, No. 2:10-cv-332-PRC, 2011 WL 38993, *5 (N.D. Ind. Jan 4, 2011) (there is no allegation that the training of the officers amounted to deliberate indifference); *Land. v. Wayne Cnty. Sheriff's Dep't*, No. 1:09-cv-365-WTL-TAB, 2010 WL 2195454, *3 (S.D. Ind. May 29, 2010) (the amended complaint

11

"contains no more than a 'formulaic recitation of a cause of action's elements,' which does not satisfy his obligation to plead 'enough facts to state a claim to relief that is plausible on its face.'"). Yet in this case, construing all well-pled factual allegations contained in the Complaint as true and drawing all inferences in the light most favorable to Doffin, the Court finds that Doffin has (barely) supplied enough factual content in his allegations which if true, provide a plausible claim for relief.

Doffin's Complaint alleges that Officer Ballas threw Doffin to the ground, employed a choke hold against Doffin, and kicked and punched Doffin [DE 1]. The Complaint further alleges that while Doffin was detained on the ground, Officer Borgioli, acting in concert with Officer Ballas, tasered Doffin with a full stun from a stun gun, which caused further injuries. *Id.* In Count IV of his Complaint, Doffin alleges that Officers Ballas and Borgioli unlawfully mistreated Doffin because they were acting pursuant to an official custom, policy, or practice of the City of Crown Point and its police department, and that the City was deliberately indifferent to the rights of its citizens by failing to properly train its police officers in order to avoid their assaulting and beating of citizens, fabricating criminal charges against citizens in order to shield their liability, and falsifying police reports and statements. *Id*. While these may seem much like conclusory allegations, Doffin further alleges that "other" incidents exist such that a "pattern of behavior" existed wherein complaints were made alleging that Crown Point police officers, and specifically Officer Ballas, mistreated citizens, and that "[t]hese incidents and others . . . should have put the City of Crown Point and Police Chief Peter Land on notice that lack of training as to appropriate force was likely to result in constitutional violations." *Id.* at ¶ 29. Doffin also contends that the City approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants. *Id.* at ¶ 27.

Assuming the allegations contained in the Complaint are true, Doffin has supplied enough facts to establish a plausibility of success on his *Monell* claim, such that only further discovery will determine whether the claim will in fact ultimately succeed. Construing the allegations in Count IV of the Complaint in the Plaintiff's favor, the Court finds that Doffin sufficiently pleaded that the City of Crown Point failed to provide adequate training and supervision to Officers Ballas and Borgioli despite the foreseeable consequences [DE 1 ¶ 27] based on the City's having received complaints of constitutional violations related to the conduct of its police officers in the past [DE 1 ¶¶ 29, 31], its awareness of the potential problems with its training [DE 1 ¶ 29], and its deliberate indifference to the need for further training [DE 1 ¶ 30]. While Doffin's Complaint is not perfect, he does offer more than mere conclusory, formulaic recitations of a *Monell* claim and has met the notice-pleading standard, and thus, dismissal of Count IV is not warranted.

    **b.**    **Defendants' request to dismiss Counts I-III of the Complaint as asserted against the individual defendants in their official capacities, and to the extent asserted against the City of Crown Point.**

Defendants Ballas, Borgioli, and Land next argue that Counts I-III asserted against them in their official capacities should be dismissed, arguing that these claims are duplicative of naming the City of Crown Point, Indiana, as a defendant [DE 27 ¶ 2]. Lawsuits against an individual in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 381-82 (7th Cir. 1988) ("An official capacity suit is not a suit against the official as an individual; the real party in interest is the entity."). Thus,

a plaintiff seeking to recover on a damages judgment in an official-capacity suit can look only to the entity itself, not to the official. *Graham*, 473 U.S. at 165. "In contrast to official-capacity suits, personal-capacity suits seek to impose liability on a government official for actions he or she takes under color of state law." *Wilson*, 839 F.2d at 382 (quoting *Graham*, 473 U.S. at 165). Therefore, "[b]ecause personal-capacity suits are really suits against the official as an individual, not against the government entity, *Monell* is always inapplicable." *Id.*

Defendants Ballas, Borgioli, and Chief Land contend that Doffin's suit against them in their official capacities is duplicative of naming the City of Crown Point as a defendant—as Doffin does in Count IV—and therefore it is unnecessary to also name them in their official capacities [DE 28, at 12]. Further to the extent that Counts I-III could be interpreted to assert claims against the City of Crown Point, Defendants argue that such claims would be in contravention of *Monell* because municipalities cannot be held liable under § 1983 pursuant to a respondeat superior theory for acts committed by police officers in the City's employ. *See Monell*, 436 U.S. at 691-95. Rather, Doffin's claim against the City is properly asserted under *Monell* in Count IV. This is all true, which is likely why Doffin did not challenge these assertions in his Response to the Defendants' Motion to Dismiss [DE 36].

Accordingly, the Court finds that suing Officers Ballas and Borgioli, as well as Chief Land in their official capacities for Counts I-III is impermissible, and also unnecessary when the Complaint names the City of Crown Point as a defendant in Count VI under *Monell*. Moreover, the City of Crown Point is not a proper defendant for purposes of Counts I-III. Therefore, the Court ORDERS that to the extent Counts I-III of the Complaint are asserted against Officers Ballas, Borgioli, and Chief Land in their official capacities and against the City of Crown Point, those

claims are DISMISSED. However, Counts I-III asserted against Officers Ballas and Borgioli in their individual capacities remain pending—an outcome to which Defendants agree.

### c. Defendant Borgioli's Motion to Dismiss for Insufficient Service of Process

In the instant case, Officer Borgioli filed a separate Motion to Dismiss because Doffin failed to serve him process within 120 days of commencing the lawsuit [DE 39 ¶ 2]. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 12(b)(5). The Summons and Complaint for Officer Borgioli were initially sent to the Crown Point Police Department, directed to Officer Borgioli, and were received by C. Sprauge on October 31, 2012 [DE 5-1]. Upon further investigation, however, it was learned that Officer Borgioli left the employment of the Crown Point Police Department on May 18, 2012 [DE 39-1]. On January 23, 2013, counsel for Officer Borgioli requested and was granted additional time to respond to the Complaint, indicating that additional time was needed to investigate the details regarding service of process upon Officer Borgioli [DE 26, 29]. Thereafter, on February 20, 2013, Borgioli's counsel again requested an extension of time, stating: "[c]ounsel has confirmed service of process has not issued on Officer Borgioli, who left the employ of the City of Crown Point and moved out of state prior to the initiation of the lawsuit." [DE 34 at 1-2]. The Court granted the extension of time on February 21, 2013 [DE 35]. In the interim, Doffin admittedly still failed to perfect service upon Officer Borgioli. Thereafter, on March 20, 2013, Officer Borgioli filed the instant motion, arguing that because more than 120 days have passed since Doffin filed the lawsuit, the claims against him should be dismissed for insufficient service of process [DE 39; DE 40].

#### i. Doffin has not shown good cause for failing to serve Officer Borgioli

It is clear from the record that Officer Borgioli has not received proper service of process within the requisite time period. *See* Fed. R. Civ. P. 4(m). Therefore, this Court must first decide

whether Doffin has shown good cause for failure to perfect service. *See Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Doffin argues he has shown good cause for not perfecting service [DE 44]. In support of his argument, Doffin cites to a series of e-mail exchanges that occurred in mid-February 2013, between his attorney and counsel for Borgioli, wherein Officer Borgioli's attorney stated that his client was aware of the suit, and indicated a willingness to waive service of process: "We have been in contact with our client Officer Borgioli . . . We will agree to waive service of summons and complaint . . . please send us a[] waiver and we will execute it returning it to you and the court. I anticipate we will have an answer/response on file for him shortly thereafter." [DE 44-1]. Doffin's counsel indicated he would forward the waiver. *Id.* Despite these exchanges, no waiver of service was ever filed with the Court, and on March 20, 2013, Officer Borgioli filed the instant Motion to Dismiss [DE 39].

In an attempt to circumvent this issue, Doffin's counsel claims that "all Borgioli's counsel had to do was download the [waiver] form himself and forward it to the undersigned for filing with the Court." [DE 44 at 6-7]. This reasoning, however, is incorrect inasmuch as it is the plaintiff's responsibility to either effect proper service, or follow the formalities for waiving service. *See* Fed. R. Civ. P. 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed"); Fed. R. Civ. P. 4(d) (providing specific instructions and requirements for waiving service of process); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) ("Rule 4(d)'s provisions for inexpensive notification of a lawsuit accompanied by a waiver of service offer a useful alternative [to traditional service of process] . . . In the final analysis, however, the rule does not abolish a defendant's right to proper service of process."). Moreover, the Seventh Circuit has also stated:

16

> Nothing in Rule 4 obliges a defendant to execute a waiver of service . . . the only penalty a defendant . . . will suffer for insisting on formal service is an assessment against it of the costs of service. In other words, a defendant . . . that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege.

*Id.*

In this case, Doffin's counsel never sent the proper waiver form to Officer Borgioli and he has not indicated any attempt to re-serve Officer Borgioli, even after becoming aware of the initial defects. While the Rules strongly encourage Officer Borgioli to waive service of process, and he in fact indicated a willingness to cooperate in this regard, the burden is still upon Doffin to actually secure a waiver or provide proper service. Thus, the Court finds Doffin's argument that good cause exists for the failure to perfect service is without merit.

### ii. The Court has discretion to grant Doffin an extension of time to perfect service

Even though Doffin has not shown good cause for his failure to serve Officer Borgioli, this Court is vested with the discretionary power to grant an extension of time to allow him to perfect service upon Officer Borgioli. *See Panaras*, 94 F.3d at 340. One of the factors this Court should consider is whether the relevant statute of limitations would prevent refiling the action. *Coleman*, 290 F.3d at 934. Doffin's cause of action accrued from the date of his alleged mistreatment by the Crown Point Police Department, that is, January 11, 2011, and his claim is governed by Indiana's two-year statute of limitations for personal injuries. *See King v. One Unk. Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (the statute of limitations for § 1983 actions is the forum state's statute of limitations for personal injury claims); *Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir. 1998) (same); Ind. Code § 34-11-2-4 (2012) (noting that the statute of limitations for personal injury actions is two years after the cause of action accrues). Because it has been more than two years since the cause

17

of action accrued, dismissal of the Complaint without prejudice at this point would essentially be a dismissal with prejudice thereby preventing Doffin from further litigating his claim against Officer Borgioli.

The Court also considers the fact that despite the lack of proper service, Officer Borgioli received actual notice of the suit within a short time after the attempted service. *See Coleman*, 290 F.3d at 934. The record indicates that counsel for Borgioli filed a notice of appearance and requested extensions of time on Officer Borgioli's behalf [DE 18, 21, 22, 26]. In addition to these filings, the record contains the February 2013 email exchanges between counsel for Doffin and Borgioli which indicates that Officer Borgioli had actual notice of the lawsuit [DE 44-1]. Lastly, Officer Borgioli has not shown any actual harm to his ability to adequately defend the lawsuit. *See Coleman*, 290 F.3d at 934. In fact, his counsel has been active in the present litigation, successfully seeking the dismissal of certain claims as detailed herein.

The Court recognizes that Officer Borgioli has not deliberately evaded service and that much time has passed since service has not been perfected; however, this does not outweigh the other factors favoring the granting of an extension in order for Doffin to perfect service upon Officer Borgioli.

Although Doffin has failed to demonstrate good cause for failing to timely serve Officer Borgioli, the equitable factors discussed militate in favor of granting an extension of time to perfect service. Therefore, the Court DENIES Officer Borgioli's Motion to Dismiss [DE 39] for failure to serve process, and GRANTS Doffin SIXTY (60) DAYS from the date of this Order to perfect service upon Officer Borgioli.

18

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted [DE 27], as follows:

> Counts I-III of the Complaint against the City of Crown Point and against the individual officers in their *official* capacities are DISMISSED; therefore, Counts I-III remains pending against Officers Ballas and Borgioli in their *individual* capacities;

> and

> Count IV of the Complaint against Chief Peter Land in his official capacity is DISMISSED; therefore, Count IV remains pending against the City of Crown Point.

Because Chief Peter Land was only sued in his official capacity and those claims have been dismissed, Chief Peter Land is TERMINATED from this lawsuit.

Furthermore, Defendant Officer Borgioli's separate Motion to Dismiss for insufficient service of process [DE 39] is DENIED.  Plaintiff David Doffin is ORDERED to properly serve Defendant Officer James Borgioli within SIXTY (60) DAYS of the filing of this Order.

SO ORDERED.

ENTERED:   July 18, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court

19